IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3254-FL

| | |
|---|---|
| FILIBERTO FELICIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAPTAIN J. COX, Albemarle District Jail; OFFICER BROOKS, Albermarle District Jail; and P.A. PETER WOGLOM, Albermarle District Jail, | ) ORDER ) ) ) |
| | ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motion for summary judgment (DE 59), defendant Peter Woglom's ("Woglom") motion for summary judgment (DE 67), and defendants Officer Brooks ("Brooks"), and Captain J. Cox's ("Cox") motion for summary judgment (DE 73). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies plaintiff's motion, grants defendants' motions, and dismisses plaintiff's claims without prejudice for failure to exhaust his administrative remedies.

**STATEMENT OF THE CASE**

On September 29, 2015, plaintiff, a state prisoner, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, asserting a claim of breach of confidentiality regarding medical status and a claim of deliberate indifference to his medical needs. (Complaint (DE 1)).[1] On August 22, 2016,

---

[1] Plaintiff explains in his response filing to defendants' motions for summary judgment that his breach of confidentiality claim is based on a Health Insurance Portability and Accountability Act ("HIPAA") violation. (See DE 78 at 3).

the court completed its frivolity review and ordered that the case proceed. (DE 25). The court entered a case management order on December 19, 2016, providing for discovery to close on May 22, 2017. (DE 50). On April 5, 2017, plaintiff filed the instant motion for summary judgment, to which defendants filed oppositions. On June 22, 2017, defendant Woglom filed the instant motion for summary judgment, including memorandum in support of his motion, statement of material facts, and affidavit, attaching plaintiff's relevant medical records. Also on June 22, 2017, defendants Brooks and Cox filed their instant motion for summary judgment, including memorandum in support, statement of material facts, affidavits by both Brooks and Cox, Albermarle district jail general medical procedures, and declaration by Wayne Jones ("Jones"), the administrative captain of Albermarle district jail.

## STATEMENT OF THE FACTS

The undisputed facts are as follows. Plaintiff was incarcerated in the Albemarle district jail between the dates of August 28, 2015 and September 30, 2015. At all times relevant to this action, defendants Cox and Brooks served as detention officers at the Albarmarle district jail. Defendant Woglom provided medical treatment to plaintiff during that time.

Plaintiff submitted a grievance on September 6, 2015, complaining that "according to the inmates here at ADJ," the jail staff spread gossip about plaintiff's medical status. (DE 1-1 at 3). Plaintiff submitted a grievance on September 7, 2015, requesting "a copy of the inmate/doctor confidentiality agreement and a copy of the release form signed by myself to allow Albermarle district jail medical staff to treat me." (Id. at 2). Plaintiff submitted a grievance on September 10, 2015, requesting "lactose free trays due to the fact that I am lactose intolerant." (Id. at 1). Plaintiff

received responses to each of these grievances from jail staff, but did not appeal any of these grievances to the Jail Administrator. (Id. at 1-3).

**DISCUSSION**

Defendants Cox and Brooks raise the affirmative defense that plaintiff failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006) (requiring "proper" exhaustion of administrative remedies); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Jones, administrative captain of Albemarle district jail, details the grievance process at Albermarle district jail and plaintiff's interaction with that process as follows:

> The administrative grievance process of the Jail begins when an inmate submits a grievance form. If an inmate is dissatisfied with the response to a grievance, he can

> appeal to the Jail Administrator. Plaintiff received a response to each grievance that he has submitted, including the grievances that he attached to his Complaint in this matter. I have reviewed Plaintiff's jail files and do not have any record that Plaintiff appealed any of the grievances he filed to the Jail Administrator.

(DE 75-3 at 1). As previously stated, the record reflects that plaintiff filed three grievances during the time period at issue, one concerning his request for a lactose-free diet, one requesting copies of the "inmate/doctor confidentiality agreement," and one stating that other inmates had informed plaintiff that the jail staff had discussed his medical information with others. (DE 1-1 at 1-3). Plaintiff received responses to each of these grievances, but did not file any appeals. (Id.; see also DE 75-3 at 1). Additionally, plaintiff does not appear to dispute that filed no appeals. (See DE 78).

The court finds that plaintiff has failed to exhaust his administrative remedies. Therefore, plaintiff's claims are DISMISSED without prejudice.[2]

## CONCLUSION

Based on the foregoing, plaintiff's motion for summary judgment (DE 59) is DENIED, defendants' motions for summary judgment are GRANTED (DE 67, DE 73), and plaintiff's claims are DISMISSED without prejudice for failure to exhaust his administrative remedies. The clerk is DIRECTED to close the case.

SO ORDERED, this the 20th day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge

---

[2] Even if plaintiff had exhausted his administrative remedies for these claims, the claims would still be dismissed without prejudice because 1) there is no private right of action under HIPPA, see 42 U.S.C. § 1320d–6(a)(2); 2) neither the Supreme Court nor the Fourth Circuit has recognized a constitutional right in the privacy of an inmates' medical information, see, e.g., Rollins v. Miller, No. 1:12–CV–298–RJC, 2012 WL 4974966, at *2 (W.D.N.C. Oct.17, 2012) ("[N]either the U.S. Supreme Court nor the Fourth Circuit has ever recognized a constitutional right in the privacy of prisoners' medical records."); and 3) plaintiff has failed to show that he had serious medical needs which defendant Woglom knew about and consciously ignored, see, e.g., Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (citation omitted) ("In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.").

4